

**FILED**
**Nov 07, 2024**
**11:20 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Delta Everett ) | Docket No. 2023-03-1417 |
| ) | |
| v. ) | State File No. 860096-2023 |
| ) | |
| Life Style Staffing, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Pamela B. Johnson, Judge ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer asserts the trial court erred in awarding temporary disability benefits to the employee. Following her alleged work injury, the employer offered work that complied with the employee's work restrictions, which the employee accepted. Despite her acceptance of the light duty job offer, the employee did not return to work. Almost one year later, after the employer provided another panel, this time of orthopedic specialists, the authorized treating physician issued an opinion indicating that the employee should have been restricted from working from the date of the accident through the date of his nurse practitioner's examination. The trial court relied on this opinion in awarding temporary disability benefits, and the employer has appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

J. Allen Callison, Brentwood, Tennessee, for the employer-appellant, Life Style Staffing

Andrew J. Roberto, Knoxville, Tennessee, for the employee-appellee, Delta Everett

### Factual and Procedural Background

Delta Everett ("Employee"), a machine operator working for Life Style Staffing ("Employer"), alleged she suffered an injury while re-stacking pallets on January 26, 2023. Employee asserted that, after she reported the incident, Employer did not provide a panel of physicians initially but instructed her to report to a specific provider. On February 4, Employee was evaluated at East Tennessee Medical Group Urgent Care and reported pain

1

throughout her back and neck.[1] She provided a history of lifting and twisting at work when her "back popped." X-rays performed of Employee's cervical spine were normal with "[n]o fractures or acute findings." Employee was seen by Dr. Bryan Thompson, who diagnosed her with neck and back pain. Dr. Thompson opined that Employee's work was more than fifty percent of the cause of her injury, considering all causes, and assigned work restrictions of occasional standing or walking, frequent sitting, and no other physical activities. Dr. Thompson also provided a "no driving" restriction.

On February 6, Employer offered light duty work to Employee. It was undisputed that Employee accepted the offer, but the parties disputed the date she was supposed to return to work.[2] Employee asserted that due to her driving restriction, she needed assistance with transportation to and from work and contended Employer was unresponsive to her requests in that regard. Employer, on the other hand, denied that there was to be any delay or alternative arrangements to be made before Employee was to begin her light duty position. Employer claimed Employee was to begin work the day after it extended the written offer on February 7. When Employee did not report to work as scheduled, she was later deemed a "repeat no-call, no-show."

Employee returned to the occupational health clinic on February 14 and saw Dr. David Calvert. Dr. Calvert ordered an MRI of Employee's cervical spine and assigned the same work restrictions. Employer did not authorize the MRI. On February 21, Employee returned for a follow-up appointment and was seen by Dr. Thompson again. Dr. Thompson noted right leg numbness, provided steroid injections, and told Employee to return in three days to "see if [physical therapy] will be necessary." Employee was given the same work restrictions.[3] On February 24, Employee was seen by Dr. Calvert and referred to an orthopedic specialist. Employer did not provide a panel. Thereafter, Employee filed a petition for benefit determination and sought an expedited hearing to obtain a panel of orthopedic physicians and temporary disability benefits.

Employer denied Employee's claim, arguing that she did not sustain an injury arising primarily out of the employment and that she failed to accept the light duty offered her. In a decision on the record, the trial court granted Employee's request for an orthopedic panel but denied her claim for temporary disability benefits at that time. The

---

[1] Employee initially treated with a nurse through telehealth and then treated on her own at an occupational health clinic. The record indicates she later selected the same clinic from a panel provided by Employer.

[2] Employee signed an offer of light duty which identified a start date of February 7, 2023, and specified work hours of Monday through Friday, 8:00 a.m. to 5:00 p.m., with duties consisting of "sitting at a desk greeting applicants and showing them where, on the computer, they would fill out their application."

[3] In April, in response to a request for clarification from Employer, Dr. Thompson stated that the driving restriction was limited to commercial driving. Employee contended that she contacted Employer to inquire about returning to work but did not receive a response.

2

court noted that the available medical proof supported a finding that Employee's job activities were more than fifty percent the cause of her injury. The court also noted that Employee had been referred to an orthopedic specialist when her symptoms failed to improve. Specifically, the court stated that "[a]s the authorized treating providers selected from a panel, their opinions on causation, recommended treatment, and reasonable necessity are presumed correct." The court determined Employer had offered no proof to overcome these presumptions and, thus, Employee had proven she was likely to prevail at a hearing on the merits in establishing her entitlement to a panel of orthopedists. Regarding temporary disability benefits, the court considered the reasonableness of Employer's actions in offering an accommodated position and the reasonableness of Employee in declining the offer. It noted that Employee testified she accepted a light duty position but was never given a start date and that, in response, Employer presented proof that Employee signed a written offer that included the start date. As a result, the court stated it could not find that Employee was likely to prevail on her request for temporary partial disability benefits. That order was not appealed.

Pursuant to the trial court's order, Employer offered Employee an orthopedic panel from which she selected Dr. Patrick Bolt as her authorized treating physician. Employee saw Dr. Bolt's nurse practitioner on January 19, 2024, almost one year after the work accident, and was assigned light duty restrictions of alternating sitting and standing, lifting no more than 10 pounds frequently, and no stooping, bending, or twisting. On February 8, counsel for Employee sent a medical questionnaire to Dr. Bolt in which counsel provided a summary of Employee's treatment to date and detailed the work restrictions provided by Dr. Thompson. On February 14, although Dr. Bolt had not personally examined Employee at the time, he responded to the questionnaire "[g]iven his evaluation of [Employee]."[4] When asked if "her work-related injury on January 26, 2023, [was] more than 50% the cause for her to be restricted from all work from January 26, 2023, until further notice by your office," Dr. Bolt checked "yes." Dr. Bolt also agreed that Employee's work restrictions from January 26, 2023 remained in place "until further notice" and that she "should be out of work from her 1/26/23 injury until evaluated 1/19/24. From 1/19/24 until now, she is on the above restrictions." Dr. Bolt also noted that he was awaiting the results of Employee's MRI.

Employee filed a new request for expedited hearing seeking temporary benefits, relying on the statements of Dr. Bolt. At the hearing, Employer relied on Dr. Thompson's previous records and the fact that Dr. Bolt did not personally see Employee at her initial visit in support of its argument that the court should not accept Dr. Bolt's opinions regarding Employee's restrictions.

In its order awarding temporary disability benefits, the court determined that the reason for Employee's failure to return to work following the light duty job offer was

---

[4] Employee did not see Dr. Bolt in person until March 25, 2024.

"immaterial" in light of Dr. Bolt's unrefuted medical testimony that she was completely restricted from working from the date of the accident though the date of the examination by Dr. Bolt's nurse practitioner and had light duty restrictions thereafter. As a result, it ordered temporary disability benefits at the stipulated rate of $427.58 per week from January 20, 2023, through the date of the order and ongoing until Employee reached maximum medical improvement or was able to return to work. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

*Temporary Disability Benefits*

To qualify for temporary total disability benefits, an employee must establish: (1) that he or she became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)). An employee's entitlement to temporary total disability benefits ends when the employee either reaches maximum medical improvement or is able to return to work. *See Simpson*, 564 S.W.2d at 955 ("Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery.").

On appeal, Employer contends the trial court erred in treating Dr. Bolt's opinions regarding Employee's work restrictions as "unrefuted" when Employee was previously provided work restrictions by authorized medical providers. It argues that Dr. Bolt had not

4

even personally examined Employee when he responded to the medical questionnaire and asserts the court should have "reached the conclusion that the Employee was capable of light duty work, that a reasonable job offer was presented to the Employee, and that the Employee failed to comply with the Employer's reasonable job offer."

Employee responds that Employer's argument was waived because the "only medical proof testimony provided at the Expedited Hearing was from Dr. Bolt, the Employee's Authorized Treating Physician, and was read into the record without objection from the Employer." Employee also points out that Employer did not take Dr. Bolt's deposition or submit a questionnaire to Dr. Bolt regarding Employee's restrictions. Further, Employee argues that Dr. Bolt is an orthopedic surgeon and, thus, was in a better position to determine Employee's restrictions because he "is more highly qualified and had access to more available information" than Dr. Thompson, a family medicine physician. Finally, Employee asks that Employer's appeal be deemed frivolous.

For purposes of this appeal, Employer does not contest the occurrence of the work accident. Moreover, Dr. Bolt, an authorized treating physician selected from a panel, provided an opinion that Employee should have been off work from the date of the accident through January 19, 2024, and should be on restrictions from that time forward. In its brief on appeal, Employer points to the restrictions originally assigned by Dr. Thompson in support of its argument that Dr. Bolt's opinion regarding restrictions was not "unrefuted." Although we agree the record indicates that Employer offered Employee a light duty position within the restrictions Employee had been assigned at the time, Employer has presented us with no legal authority that suggests an authorized treating physician is prohibited from addressing work restrictions retroactively. As we have noted previously, "[a]lthough there may be circumstances where a delay in obtaining such information could render the evidence less reliable or persuasive, it is the trial court's role to assess and weigh that evidence to determine if [the employee] has met the applicable burden of proof." *McKim v. Stansell Electric Co., Inc.*, No. 2022-07-0215, 2023 TN Wrk. Comp. App. Bd. LEXIS 11, at *13 (Tenn. Workers' Comp. App. Bd. Feb. 22, 2023). After receiving Dr. Bolt's responses to Employee's questionnaire, Employer did not forward its own questionnaire to Dr. Bolt seeking clarification; it did not seek to depose Dr. Bolt; and it did not offer any other expert's opinion to rebut those of Dr. Bolt.

Further, Dr. Bolt is an orthopedic surgeon and is the authorized treating physician selected from an Employer-provided panel. Thus, the trial court was within its discretion to accept the opinion of an orthopedic specialist selected from an employer-provided panel over that of a general practice physician, and we will reverse such a decision only upon a showing that the trial court abused its discretion in doing so. *See Moore v. Beacon Transport, LLC*, No. 2018-06-1503, 2021 TN Wrk. Comp. App. Bd. LEXIS 39, at *7 n.1 (Tenn. Workers' Comp. App. Bd. Oct. 29, 2021).

5

As we have previously noted, at an expedited hearing, an employee need not establish every essential element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee likely will prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). We have also observed that the legislature

> deliberately established a lesser standard of proof to be applied at expedited hearings that authorizes trial courts to order the initiation of certain benefits on an interlocutory basis prior to the final trial of a case. In evaluating a request for benefits at an expedited hearing, the trial court must determine, based on the totality of the evidence presented at that time, whether the employee "would likely prevail" at trial.

*Miller v. Old Folks Mission Ctr., Inc.*, No. 2018-07-0022, 2019 TN Wrk. Comp. App. Bd. LEXIS 1, at *18 (Tenn. Workers' Comp. App. Bd. Jan. 9, 2019). In reviewing an expedited order, we are not to consider whether the employee met the preponderance of the evidence standard necessary to prevail at trial. Rather, we are to address whether the employee presented sufficient evidence to establish a *likelihood* of prevailing at trial. Here, we discern no error by the trial court in reviewing the expert medical proof submitted by the parties and weighing the evidence in light of the expedited hearing standard. Considering the record in its entirety, we conclude there is sufficient evidence to support the trial court's order awarding temporary disability benefits.

*Frivolous Appeal*

Finally, Employee has asked that we deem this appeal frivolous and award attorneys' fees and costs associated with it. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (citations omitted). In considering the totality of the circumstances, we do not find this appeal to be frivolous. We therefore deny Employee's request for attorneys' fees and costs.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Delta Everett | ) | Docket No. 2023-03-1417 |
| | ) | |
| v. | ) | State File No. 860096-2023 |
| | ) | |
| Life Style Staffing, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of November, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Allen Callison | | | | X | allen.callison@mgclaw.com cynthia.yeager@mgclaw.com |
| Andrew Roberto | | | | X | aroberto@brownandroberto.com bseay@brownandroberto.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov